```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

JANE DOE, JOHN DOE 1, and
JOHN DOE 2,

    Plaintiffs,

v.                                Civil Action No. 2:09-0990

LOGAN COUNTY SHERIFF'S DEPARTMENT
of Logan County, West Virginia;
LOGAN COUNTY COMMISSION of Logan
County, West Virginia; LOGAN COUNTY
SHERIFF EDDIE HUNTER, individually and
in his official capacity as a Logan
County officer and deputy; LOGAN COUNTY
DEPUTY 1, individually and in his
official capacity as a Logan County
officer and deputy; LOGAN COUNTY
DEPUTY 2, individually and in his official
capacity as a Logan County officer and
deputy; LOGAN COUNTY DEPUTY 3, individually
and in his official capacity as a Logan
County officer and deputy; CITY OF
CHAPMANVILLE of Logan County, West Virginia;
CHAPMANVILLE POLICE DEPARTMENT of Logan
County, West Virginia; and CHAPMANVILLE
OFFICER 1, individually and in his official
capacity as a Chapmanville officer,

    Defendants.

### MEMORANDUM OPINION AND ORDER

        Pending is the motion of counsel for the plaintiffs to withdraw from representation of plaintiffs and requesting a continuance of time for plaintiffs to issue summons to the

defendants ("Motion for Withdrawal") and counsel's motion to seal the Motion for Withdrawal, filed December 22, 2009.

Plaintiffs' counsel requests that the Motion for Withdrawal and the motion to seal, together with the exhibits accompanying each motion, be sealed as they contain "confidential information concerning the relationship, dialogue, and contact between [counsel] and Plaintiffs." (Mot. for Withdrawal at 2). Counsel suggests that these items "should remain confidential between the Plaintiffs, their counsel, and this Court." (Id.)

The court first notes that "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-America Discovery Group v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000). The right of public access to court documents derives from two separate sources: the common law and the First Amendment. The common law right affords presumptive access to all judicial records and documents. Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. University of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access. Nixon, 435 U.S. at 598-99, 602-03; In re Knight

Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984).  Quoting Knight, our court of appeals observed recently as follows:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting Knight, 743 F.2d at 235) (emphasis supplied).

Assuming the First Amendment right applies to these particular documents, the movant's burden is more substantial. To obtain a sealing order under the First Amendment rubric, the movant must show "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest."  Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606-07 (1982); Virginia, 386 F.3d at 573; Stone, 855 F.2d at 180.

The court has also considered the need to impose any seal in the most limited fashion possible, considering in particular whether partial redaction is appropriate.  On December 23, 2009, the court granted provisionally the motion to seal

until such time as the matter might be more fully developed at a hearing.  It appears to the court that plaintiffs have made the showing necessary to obtain a sealing order as to Exhibit B and Exhibit C attached to the motion to seal and as to Exhibits A through C attached in one document to the Motion for Withdrawal for which a sealing order has been sought.  As plaintiffs' attorneys suggest, these attachments contain confidential communications between attorney and client that would ordinarily be protected by the attorney-client privilege, and they reveal not only the identities of the deliberately unnamed plaintiffs, but also personal information such as their home addresses and phone numbers.

Accordingly, the following items shall remain under seal until the further order of the court:

1. Exhibit B, attached as Document 3-4 to the Motion to Seal;

2. Exhibit C, attached as Document 3-5 to the Motion to Seal; and

3. Exhibits A through C, attached as Document 5-1 to Motion for Withdrawal.

The remaining items do not contain confidential attorney-client communications, and thus do not justify removing the public's right to access the documents.  It is, therefore, ORDERED that the following items be, and hereby are, unsealed, subject to the redaction of a single sentence from the public record as hereinafter directed:

1. Motion to Seal the Motion for Withdrawal, Document 3, filed December 22, 2009;

2. Motion for Withdrawal, Document 5, filed December 23, 2009;

3. Proposed Order to Seal, attached as Document 3-1 to the Motion to Seal;

4. Attached Motion for Withdrawal, attached as Document 3-2 to the Motion to Seal; and

5. One Page Notice of Electronic Filing, attached as Exhibit A, Document 3-3, to the Motion to Seal.

It is further ORDERED as follows:

1. That the letters from plaintiffs' counsel to plaintiffs provided to the court during the hearing on January 15, 2010, and marked by the court's law clerk as Plaintiffs' Exhibit 1 be, and hereby are, filed under seal until the further order of the court;

2.  That sentence 2 of paragraph 2 in the Motion for Withdrawal, Document 5, filed December 23, 2009, and sentence 2 of paragraph 2 in the Attached Motion for Withdrawal, attached as Exhibit 2, Document 3-2, of the motion to seal be redacted from the copy of those motions on the public record, with an unredacted copy of each placed under seal;

3.  That the court reporter in the January 15, 2010, hearing in this matter, upon filing with the district clerk any requested transcript of the hearing, file under seal the original transcript of the hearing and file for the public record a transcript of the hearing with the true names of the plaintiffs redacted;

4.  That the continuance sought by plaintiffs' counsel in the Motion for Withdrawal be, and hereby is, granted, affording plaintiff until March 4, 2010, for issuance of summons and service of process on the defendants;

5.  That the hearing held on January 15, 2010, be, and hereby is, continued until 1:15 p.m. on March 16, 2010, at which time the motion by counsel to withdraw shall be granted and this case shall be dismissed if the plaintiffs themselves, as distinguished from their

    present counsel of record, have by that time failed to take action of record herein to prosecute this case; and

6.   That counsel for the plaintiffs be, and hereby are, directed to provide their clients a copy of this order.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

    DATED: January 19, 2010

    _____
    John T. Copenhaver, Jr.
    United States District Judge